**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA,**

**v.** **CRIMINAL NO. *05-70T-02***

**PEDRO GONZALES**

***MOTION FOR DISCOVERY AND INSPECTION***

***A. Introduction***

Defendant Pedro Gonzales through this motion seeks certain discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Rule 116.1(a) of the Local Criminal Rules of this Court. Although the government has already provided some discovery pursuant to Local Rules, it is nonetheless appropriate to make other specific discovery demands for items not thus far disclosed and to make a formal record of the general discovery requests propounded on his behalf.

***B. Definitions***

Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense. The defendant's request for discovery and inspection relates to items in the possession, custody, or control of the prosecutors in this case as well as all federal, state and city agencies or governmental entities.

With respect to those items that he requests, if the prosecutors in this case do not have them in their possession, he asks that the Court order that they provide a statement to the effect that such items do not exist. If the prosecutors in this case are aware that a requested item exists but do not have it in their possession, then the defendant requests that they be ordered to disclose the

whereabouts of such item.

As used herein, the term "document" means any tangible thing containing, reflecting or capable of reproducing or have reproduced from it, visually or orally, language, numerals or pictures, and relating or referring in any manner to the allegations of the Indictment and the matters referred to therein.

*C. Rule 16 and Other Pretrial Materials*

1. Defendant Pedro Gonzales requests an order requiring the prosecutors in this case to permit the defendant and counsel to inspect and copy or photograph any relevant, written or recorded statements made by him, his co-defendants or by any agents or co-conspirators, or copies thereof, within the possession, custody or control of the prosecutors in this case, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutors in this case. In this regard, an order is sought specifically requiring counsel for the government to inquire of all law enforcement personnel and federal, state and local agencies who they know to have been connected with this case as well as any and all potential witnesses or other people who have supplied information to the prosecutors in this case, whether they are aware of any written or recorded statements of any of the defendants, and in particular electronically recorded statements of any of the defendants and to make such statements available, forthwith, for inspection by the defendant and counsel.[1] The defendant also requests that he be provided, if the government has not already done so, with any testimony given by any defendant before a grand jury.

2. Defendant Pedro Gonzales requests that the prosecutors in this case be ordered to

---

1 The term "statements" includes the substantially verbatim as well as the mere summary and encompasses a defendant's statement whether before or after arrest and in whatever form preserved.

produce the substance of any oral statement made by him or any other defendant, which the prosecutors in this case intend to offer in evidence at the trial. It is specifically requested that the order require the prosecutors in this case to conduct a conscientious effort to determine whether any individuals acting on behalf of the prosecutors in this case are aware of any other oral statements purportedly made by any of the defendants.

3. Defendant Pedro Gonzales requests an order permitting him to inspect and copy or photograph any and all books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are within the possession, custody or control of the prosecutors in this case and which are material to the preparation of the defendants' defense or which are intended for use by the prosecutors in this case as evidence-in-chief at the trial or were obtained from or belong to him or any other defendant. He further requests an order requiring the production of any books, papers, documents, photographs, tangible objects, buildings or places, or copies thereof, which are within the possession, custody or control of the prosecution that (a) are referred to directly or indirectly in the Indictment; (b) relate to any statement of fact in the Indictment; and ( c) will be alleged to constitute the fruits or means of perpetuating any offense set forth in the Indictment.

4. Defendant Pedro Gonzales further requests an order requiring the prosecutors in this case to permit defense counsel to inspect and copy or photograph any results or reports of physical or mental examinations and/or any scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the prosecutors in this case, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutors in this case and which are material to the preparation of his defense or are intended for use by the prosecutors in this case as evidence-in-chief at the trial. The Court's attention is respectfully drawn to the fact that this provision of the Federal Rules is not triggered only with regard to such reports, etc., which the

prosecutors in this case intend to offer during its case-in-chief but applies to all such information whether the prosecution intends to offer it as evidence or not.

5. Defendant Pedro Gonzales requests an order requiring a designation by the prosecutors in this case of those persons it intends to call as witnesses at the trial of the Indictment and the addresses of such parties. This request specifically includes the disclosure of the name and address of any expert and/or law enforcement witnesses which they intend to call and from whom the prosecutors in this case will seek to elicit "expert" testimony (either within the meaning of Rule 701 or Rule 702 of the F.R.E.). Moreover, this request includes disclosure of any reports, studies or other data which such expert will rely upon in giving his/her testimony. (***See***, Defendant's Motion for a Bill of Particulars and Motion for an Order Requiring the Government to Give Notice of its Intention to Use Certain Evidence).

***D. Brady/Giglio/Bagley Material***

6. Defendant Pedro Gonzales requests an order requiring the prosecutors in this case to disclose the names and addresses of any person whom they know or through the exercise of due diligence may come to know, to have relevant information regarding any of the areas described below. In addition, all relevant documents which relate, in any manner to the material requested below. ***See, Brady v. Maryland***, 373 U.S. 83, 87 (1963); ***Giglio v. United States,*** 405 U.S. 150, 154-55 (1972); ***United States v. Bagley***, 473 U.S. 667, 682 (1985).

a. Copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the prosecutors in this case or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with this investigation, which is

exculpatory in nature or favorable to defendant, Hugo Vidal-Rodriguez or any other defendant, or which tends to negate or mitigate the guilt of any defendant, as to the offenses charged, or any uncharged criminal conduct which will be proffered by the government, or which would tend to reduce any punishment therefore.

b. The names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory evidence. With respect to each person the prosecution intends to call at trial, or any member of the immediate family, (including what is loosely referred to as "common law" family), boyfriend, girlfriend or lover of any such person, attach copies of all indictments, complaints, or information brought against such person by the federal, or any state or local government, all disciplinary actions brought by the federal, or any state or local government, and state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken. If the prosecution does not have copies of all indictments, complaints, information, or disciplinary actions, state the dates and places of arrests, hearings, indictments, information, etc., the charges brought, and the disposition of those charges so far as it is known.

c. With respect to each person the prosecution intends to call at trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, girlfriend, or lover of any such person, set forth a written summary of all charges which could be

brought by the federal, or any state of local government, which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or has cooperated with the federal, state or city governments, or for any other similar or related reason.

d. Copies of all memoranda of understanding between the prosecutors in this case and their witnesses, whether by way of a letter to the attorney for a witness or otherwise.

e. An enumeration of all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call as witnesses at the trial.

f. All information which may bear on the credibility of any witness and all information bearing on his/her relationship to any federal, state or city agency or agent, and any services or other services or acts performed by him/her with the knowledge, request or acquiescence of the state, city or federal government. Moreover, in light of existing case law and the recent decision in ***United States v. Burnside***, 824 F.Supp. 1215 (N.D. Ill. 1993), this request expressly includes any benefits extended to witnesses regarding their conditions of confinement, access to contact visits, and telephone privileges. By extension, this request also embraces any inducements or promises or benefits conferred on any other person at the behest of any individual whom the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

g. All documents and other evidence regarding drug or alcohol

usage and/or dependency by any individual the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individuals in any federal, state, city or military drug or detoxification program.

h. All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the prosecution intends to use as a witness at trial, including but not limited to records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

i. All information which may demonstrate an inconsistency or arguable inconsistency by a witness with another statement made by another person or that person; and all information which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of any one or all of the defendants.

j. The ***Brady/Giglio/Bagley*** material detailed above includes all information and documents relevant to social services, welfare, and other services provided free or at a reduced cost by the City, State or Federal government to any prosecution witness.

k. Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards or recognition of any kind made by, any governmental agent or law enforcement officer for any work, action or conduct undertaken in connection with the

investigation and prosecution of this case.

The law is well settled that it is not for the prosecutor to serve as the exclusive arbiter to unilaterally decide what material falls within the purview of ***Brady*** and its progeny. Indeed, the ***Burnside*** decision stands squarely for the proposition that failure to provide this material will constitute grounds for a reversal. Accordingly, defendant Pedro Gonzales asks that any information which arguably falls within the aforementioned categories be disclosed to defense counsel or at least submitted to Judge Torres for a judicial determination.

7. Defendant Pedro Gonzales requests an order allowing him the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which relate to plea agreements, promises of leniency, or agreements of immunity, either ***de facto*** or statutory immunity, which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known, or through the exercise of due diligence, may become known to the prosecutors in this case.

8. Defendant Pedro Gonzales requests an order allowing him the opportunity to inspect and copy any and all documents, agreements, memoranda, contracts, etc., which reflect the receipt of money or of other things of value by any prosecution witness. Such documents are sought whether or not such payments, etc., were made as the result of the assistance or information specifically provided in this case or another.

9. Defendant Pedro Gonzales requests an order requiring the prosecutors in this case to disclose the substance of any oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any state, local or federal law enforcement representative, attorney or other person acting as agent of or on behalf of any state, local or federal government, to any person or entity who is either to be a witness in this case or is otherwise connected to this case. This request

includes an order directing the prosecutors in this case to inquire of those law enforcement representatives connected to this case, whether any such oral (or written) promises, inducements, agreements, etc., have been made to any person in connection with this case.

10. Defendant Pedro Gonzales requests an order allowing him the opportunity to inspect and copy any and all agreements, contracts, memoranda or other documents which reflect agreements between any officer or agency of any state, local or federal government to provide any assistance, housing or relocation to any prosecution witness or member of such individual's family. These documents are sought whether or not such agreements were made as the result of assistance or information specifically provided in this case or another.

***E. Search, Seizure and Related Material***

11. Defendant Pedro Gonzales requests an order granting him the opportunity to inspect and copy any and all records, schedules, checks, bank documents, bills or other documents which relate to this case including those which reflect telephone calls or toll call records or telephone charges over any instrument in which he or any of the other defendants, their agents, employers, employees, or co-conspirators maintained a possessory interest or over such instrument the prosecutors in this case knew, or believed, the defendants, their agents, employers, employees or co-conspirators utilized and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case.

12. Defendant Pedro Gonzales requests an order requiring the prosecutors in this case to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting ***or denying*** judicial permission to conduct a physical search of any person or premises which relate to this case and which are within the possession,

custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to prosecutors in this case; if any "consent" search was conducted, all details of date, time, place and results.

13. Defendant Pedro Gonzales requests an order requiring the government to disclose any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of any person or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. This request includes disclosure of whether any pre-trial identification procedure was used in this case, including but not limited to photographic displays, lineups, show-ups, etc. If so, the defendant requests an order requiring the government to state the nature and circumstances of such identification procedure as well as the time, date, and place of the identification and whether any witnesses were unable to identify any of the defendants, made a mistaken identification, or were uncertain in making an identification.

14. Defendant Pedro Gonzales requests an order requiring the government to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

15. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the

possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

16. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this case, which is in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government; if telescopically enhanced surveillance was accomplished without court order, an indication of this, including relevant dates, times, places, etc.

17. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose any and all forms, affidavits, or other documents which purport to grant consent to search any individuals, persons or premises which relate, in any manner, to this case and which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

18. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of any defendant that were made from: a) airplanes, helicopters or other airborne devices; b) property owned, leased or in which any defendant had a possessory, leasehold or ownership interest.

19. Defendant Pedro Gonzales requests an order requiring the prosecutors in this case to disclose any and all surveillance records in the custody or control of the government relating to the defendant's location, activity or associations during any time period relevant to this case and specifically requests the disclosure of all such material, including so-called surveillance logs, surveillance log cover sheets, F.B.I. Form 302 reports reflecting such surveillance activity for the

period of April 1, 1995 to and including October 13, 1995. This information also is sought pursuant to Part D of this submission as the information in question is considered by the defense to be potentially exculpatory in nature.

***F. Wiretapping, Eavesdropping and Consensual Recordings and Related Materials***

20. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, etc., which relate to this case and which pertain to the use of mechanical or electronic court-ordered or consensual interception devices which were made, written or issued by any representative of federal, state or city governments and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

21. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose any and all statements of him or any co-defendant, their agents, co-conspirators, or other individuals, whether oral, recorded or written, which were seized by court-ordered or consensual electronic or mechanical means and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

22. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose any and all mechanical or electronic court-ordered or consensual recordings and/or tapes that contain any of his conversations, any co-defendant, or their agents or alleged co-conspirator's conversations or which emanated from any premises or over any instrument in which any defendant possessed a proprietary interest or which were made in connection with a court ordered eavesdropping warrant in which any defendant was named as a party to be intercepted or was a

person who was in fact intercepted.

23. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose any and all memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communications whatsoever which were made by any public servant, or their duly authorized representatives, which are germane to this case and relate in any way to wiretapping or eavesdropping conducted by agents of federal, state or city governments.

24. Defendant Pedro Gonzales requests an order requiring prosecutors in this case to disclose a schedule of each type of mechanical or electronic eavesdropping device or other device capable of intercepting oral communications or of intercepting communications over radio, telephone or radio-telephone equipment and which were used in conjunctions with, or relate to, this case.

25. Defendant Pedro Gonzales requests above for disclosure of documents relating to state and federal eavesdropping or wiretapping activity specifically seeks the disclosure of, but is not limited to, the following documents or information:

a. any and all requests, applications and/or orders seeking or requiring the sealing of tapes or other recordings;

b. any and all requests, applications (***whether granted or not***) and/or orders seeking or granting any initial interception order or renewal or extension of a previously existing order;

c. copies of any and all progress reports, or orders to make such reports;

d. any and all requests, applications and/or orders amending a wiretap order or warrant to include the seizure of conversations dealing with offenses other than those specified in the original order of authorization;

e. a schedule of any and all logs or other documents maintained during or in conjunction with the interception of wire or oral communications by law enforcement personnel;

f. any and all documents which relate to the use of "pen registers," "trap" or "trace" devices by law enforcement personnel in conjunction with this case;

g. copies of any and all inventories prepared in conjunction with wiretapping or eavesdropping activity which relate to this case;

h. copies of any and all transcripts prepared from tapes made in conjunction with or subsequent to wiretapping or eavesdropping activity which relate to the present case;

i. copies of any and all reports required pursuant to 18 U.S.C. § 2519 or state counterparts;

j. copies of any and all orders served in conjunction with the requirement to provide notice of overhear and any and all documents relevant to extensions or renewals thereof;

k. any and all orders permitting the interception of radio communications and all tapes or recordings produced in accordance therewith;

l. any and all transcripts, tapes or recordings (made pursuant to consent of the party(s) or by court order) in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government, which were

made by a person who had given prior consent to such interception whether or not such person was a law enforcement officer or government employee;

m. any and all documents which reflect the consent of a person to have his or her wire or oral communication intercepted which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to the government;

n. any and all applications, requests or correspondence seeking the permission of the Attorney General of the United States or any other federal or state law enforcement officer, to consensually record wire or oral communications, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government;

o. any and all subscriber or customer records of the defendants obtained pursuant to Section 2703 of the Electronic Communications Privacy Act of 1986 (18 U.S.C. §2703), and any documents which authorized the government to obtain such information.

***G. Miscellaneous Materials***

26. Defendant Pedro Gonzales requests that, to the extent the government has not heretofore done so, this Court issue an order requiring the prosecution in this case to furnish him with a copy of the prior criminal record, if any, of any alleged co-conspirators, if the prosecution intends to offer such records at trial.

27. Defendant Pedro Gonzales requests an order requiring the prosecution in this case to

specify whether, at the trial of the defendants, the prosecutors intend to introduce in their case-in-chief, "similar act" evidence of any alleged criminal or immoral acts of any of the defendants in order to establish pursuant to Rule 404(b) motive, intent, knowledge or the absence of mistake. If such is the prosecution's intent, that they be ordered to provide the following: (a) a summary of the act or acts to be introduced; (b) the name, address and position of the witness through whom such testimony is to be introduced; (c) a copy of any document intended to be offered; and (d) the legal basis that the prosecution believes supports the introduction of such evidence. If it is the intention of the prosecutors in this case to offer prior or subsequent "similar act" evidence at trial against the defendant or alleged co-conspirators or agents to demonstrate the defendant's intent, motive, etc., then it is respectfully submitted that the order should include a direction that the prosecutors apprise the defendant of such evidence prior to trial so that he might adequately prepare his defense. (See also, Rafael Figueroa's Motion for an Order Requiring the Government to Give Notice of Its Intent to Use Certain Evidence).

28. Defendant Pedro Gonzales requests an order requiring the prosecution in this case to state whether any witness or prospective witness was hypnotized. If so, to describe the circumstances surrounding the hypnosis and provide copies of the video and/or tape recordings used to memorialize the hypnotic procedure.

29. Defendant Pedro Gonzales requests an order requiring timely production of all statements required to be produced under 18 U.S.C. § 3500, including but not limited to handwritten and other informal notes of interviews. Given the concededly joint nature of the investigation leading to this indictment, the government, it is submitted, is obliged to produce all responsive materials prepared by or in the possession of any participating state or federal agency. ***See, United States v. Paternina-Vergara***, 749 F.2d 993, 997 (2d Cir. 1984); ***See, also, United States v.***

*Sepulveda*, 15 F.3d 1161, 1179 (1st. Cir. 1993). Additionally, Defendant Pedro Gonzales requests that drafts or notes of such statements be ordered preserved. If any such statements, drafts or notes have been or are intended to be discarded or destroyed, please identify such statements and notes in sufficient detail to permit a request to the Court for appropriate relief in advance of trial.

30. Defendant Pedro Gonzales requests an order requiring the prosecutors in this case to provide counsel with a list of the names, aliases, and addresses of each and every unindicted co-conspirator known to the prosecutors in this case.[2]

Respectfully submitted,
**Defendant, PEDRO GONZALES,**
By his attorney,

Albert E. Medici, Jr., Esq. (R.I. Bar No. 4584)
MEDICI & SCIACCA, P.C.
1312 Atwood Avenue
Johnston, Rhode Island 02919
Telephone (401) 946-3910
Facsimile (401) 942-4918

**CERTIFICATION**

I, the undersigned, do hereby certify that I hand delivered a true copy of the within Motion For Discovery to Adi Goldstein, A.U.S.A., Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903 on this 5th day of July, 2005.

---

[2] As to all items requested above, counsel assumes that the prosecutors in this case will adhere to their continuing duty to disclose information, without the entry of a formal order.