UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CR. No. 05-70-02T |
| : | |
| PEDRO GONZALES   : | |

## MEMORANDUM AND ORDER

Defendant, Pedro Gonzales ("Defendant"), has filed a Motion for Discovery and Inspection (Document No. 28). The United States has responded to Defendant's Motion by asserting that it has previously provided Defendant with the discovery to which he is entitled under Fed. R. Crim. P. 16 and will supplement as required by law. (Document No. 32). The United States objects to the Motion to the extent it seeks discovery beyond that to which Defendant is entitled under Fed. R. Crim. P. 16. This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local Rule 32(c). The Court has determined that no hearing is necessary after reviewing the memoranda submitted by the parties, reviewing the Court's previously issued Pretrial Discovery Order (Document No. 8) and performing independent research. For the reasons discussed below, Defendant's Motion is DENIED.

### Discussion

First, Defendant's Motion is strictly a "boilerplate" pleading, devoid of any facts relating to the criminal charge pending against Defendant. Defendant's Motion simply seeks a general order granting discovery and inspection by the United States without identifying any specific information or evidence which he claims the United States has not produced. In his Motion, Defendant notes receiving "some discovery" from the Government but asserts that "it is nonetheless appropriate to

make other specific discovery demands for items not thus far disclosed and to make a formal record of the general discovery requests propounded on his behalf." This Court issued a Pretrial Discovery Order on June 8, 2005 (Document No. 8) which already contains a broad Court Order that the Government "shall disclose" a laundry list of criminal discovery materials and also notes that the "disclosures required by this Order are subject to the continuing duty to disclose contained in Rule 16(c), Fed. R. Crim. P."

Second, the Court's Pretrial Discovery Order provides that no discovery motions shall be filed by Defendant "except after a meeting with the Government attorney." (Document No. 5 at § I(D)). There is no indication in Defendant's Motion that Defendant's counsel met with the Government's attorney regarding the issues raised in the Motion for Discovery and Inspection before filing the Motion under consideration. Thus, it does not appear that Defendant has complied with the Court's precondition to filing a discovery motion as set forth in the Pretrial Discovery Order.

Based upon the above analysis, Defendant's Motion for Discovery and Inspection (Document No. 28) is DENIED. The United States is, however, specifically reminded of its disclosure requirements under the Pretrial Discovery Order previously entered in this matter and, in particular, its continuing duty of disclosure under Fed. R. Crim. P. 16(c) as noted in that Order.

So Ordered:

LINCOLN D. ALMOND
United States Magistrate Judge
July 19, 2005