MANDATE

# United States Court of Appeals
## For the First Circuit

05-00070
Rhode Island
E. Torres

---

No. 06-1389

UNITED STATES,

Appellee,

v.

PEDRO GONZALES,

Defendant, Appellant.

---

Before

Torruella, Lynch and Howard,
Circuit Judges.

---

JUDGMENT

Entered: July 25, 2007

After a thorough review of the record and of the parties' submissions, we affirm. Appellant Pedro Gonzales ("Gonzales") challenges the district court's denial of his motion for acquittal. We review this claim de novo, and we will affirm "if, after viewing all the evidence in the light most favorable to the government and indulging all reasonable inferences in the government's favor, a rational factfinder could conclude that the prosecution proved all elements of the crime beyond a reasonable doubt." United States v. Garcia-Carrasquillo, 483 F.3d 124, 129-30 (1st Cir. 2007) (citation omitted).

A rational jury could have found that Gonzales was guilty of the crimes charged. Cell phone records showed that the three co-defendants had communicated with each other extensively in the hours leading up to the transaction, and that Gonzales' phone number was stored on two of the cell phones seized at the time of the trio's arrest. A rational jury could have inferred that Gonzales participated in the planning of the transaction and was aware of its details, including the fact that the transaction

involved cocaine. Gonzales' behavior while he waited for Rodriguez and the RV driver to emerge from the Burger King reasonably could have been interpreted as counter-surveillance, from which the jury could infer that Gonzales knew the transaction that was about to take place was illegal. He was the driver of a four-door sedan and three large duffle bags weighing a total of approximately 135 pounds were loaded into the sedan's back passenger compartment. The jury could have inferred that the driver of that vehicle would be aware of the contents of those bags, even if he was not seen handling the bags or turning around and looking at the bags, especially where the driver's cargo was so valuable (approximately $1 million wholesale). This inference is bolstered by the fact that, according to Detective Naylor's testimony, the bags and their contents were visible to anyone (such as Gonzales) standing outside the vehicle when it was parked in front of the Lenox address. Moreover, a rational jury could have inferred that the white shopping bag retrieved by Rodriguez from the front passenger seat was visible up to that point by the driver (Gonzales), and that that bag probably contained a large amount of cash given as payment for the cocaine.

Viewing the evidence in a light most favorable to the government, and indulging all reasonable inferences in the government's favor, we find that there was sufficient evidence to convict the defendant. The district court did not err in denying the motion for acquittal.

Gonzales also challenges the reasonableness of his sentence, but his arguments fail. Given the weight of the cocaine and its wholesale value, a sentence of 196 months does not seem inherently unreasonable. Although Gonzales only acted as a driver, the court accounted for this fact by awarding him a minor role adjustment over the government's objection. His claim that he was unaware that Rodriguez was transporting drugs is undermined by the jury's verdict, so his sentence need not have taken account of this claim.

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. R 41.**

**Richard Cushing Donovan, Clerk**

Jennifer Calardo

**Deputy Clerk**

**Date:** 8·15·07

[cc: Robert Little, Esq., Adi Goldstein, AUSA, Stephanie Brown, AUSA, Donald Lockhart, AUSA]